IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MILAGROS RIVERA-ÁVILÉS, *et al.*,

   **Plaintiffs,**

         v.

T&D TRADING, INC., *et al.*,

   **Defendants.**

CIVIL NO. 15-3021 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

     Pending before this Court is a Motion to Dismiss under the *Colorado River* abstention doctrine, filed by Defendant T&D Trading, Inc. ("Defendant"). Dockets Nos. 6 and 7. Plaintiffs Milagros Rivera-Áviles and María Rivera-Áviles (collectively "Plaintiffs") timely opposed. Docket No. 8. Plaintiffs' Complaint alleges that Defendant's negligence in manufacturing, packaging, distributing, advertising and selling a defective product in the stream of commerce caused Milagros Rivera-Áviles physical, mental and financial damages, as well as emotional distress to María Rivera-Áviles. Docket No. 1. The issue before the Court is whether Defendant has satisfied the *Colorado River* analysis in order for the Court to dismiss or stay the proceedings. The Court holds that Defendant has not satisfied such analysis, since no "exceptional circumstances" have been demonstrated for the Court to surrender its jurisdiction. Accordingly, the Court DENIES Defendant's Motion to Dismiss.

# BACKGROUND[1]

On August 26, 2015, Plaintiffs filed a tort action in Puerto Rico state court against T&D Trading, Inc.; Wal-Mart, Puerto Rico, Inc.; ABC Insurance Co.; XYZ Insurance Co.; John Doe; and Richard Roe (collectively "Defendants"). Docket No. 6-1. In their Puerto Rico court complaint, Plaintiffs asserted that Defendants' negligence in the manufacturing, packaging, distribution, advertisement and sale of a defective product—frozen boneless chicken breast, which contained a piece of bone—in the stream of commerce, caused them damages. *Id.* The complaint sought monetary relief for Plaintiff Milagros Rivera-Áviles's medical expenses, as well as for her physical and mental suffering.[2] It also sought monetary relief for Co-plaintiff María Rivera-Áviles's emotional suffering.[3] *Id.* More than three months later, Plaintiffs filed a diversity action in this Court alleging the same facts and seeking similar remedies as in the state court suit. The federal action, however, does not include defendant Wal-Mart, Puerto Rico, Inc. ("Wal-Mart"). Docket No. 1. Shortly after filing the case, Defendant T&D Trading Inc. moved to dismiss or stay the proceedings until the completion of the state court action under the *Colorado River* abstention doctrine, Dockets Nos. 6 and 7, and Plaintiffs timely opposed, Docket No. 8.

# ANALYSIS

Defendant argues that the Court should dismiss, or in the alternative, stay the proceedings until completion of the state court proceedings, pursuant to the abstention doctrine

---

[1] For purposes of Defendant's Motion to Dismiss, all facts are taken from Plaintiff's Complaint, Docket No. 1, and are presumed to be true.
[2] Plaintiff Milagros Rivera-Áviles swallowed the piece of bone contained in Defendants' product, and suffered various medical complications.
[3] She took care of her sister Milagros Rivera-Áviles and was forced to miss work for long periods of time.

of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Docket Nos. 6 and 7. Defendant contends that Plaintiffs' actions in the state and federal forum are parallel and the "exceptional circumstances" test of *Colorado River* is satisfied. *Id.* It contends that *Colorado River* abstention is more appropriate when non-diverse parties are joined in the state-court action but not in the federal action. *Id.* It also argues that the state forum is necessary to protect the parties' interests because there all parties are included.

Moreover, Defendant states that the Court should abstain because of the risk of piecemeal litigation due to the possibility of inconsistent results regarding the same controversy. *Id.* Defendant further claims that Wal-Mart is an indispensable party and its exclusion in the federal action warrants the Court's abstention. If the Court does not dismiss or stay the proceedings, Defendant says it will file a third-party complaint against Wal-Mart, which it contends will destroy diversity jurisdiction. *Id.*

In response to Defendant's Motion, Plaintiffs assert that Defendant has not met the "exceptional circumstances" test. Docket No. 8. Plaintiffs discuss all eight factors the First Circuit Court of Appeals has devised to conduct a *Colorado River* analysis, and conclude that abstention is not appropriate. *Id.* Plaintiffs also state that: 1) the mere fact that two courts will be deciding the same issues does not warrant abstention; and 2) Defendant fails to demonstrate Wal-Mart is an indispensable party and thus, that the state-forum is more adequate for the protection of the parties' interests. *Id.*

As a preliminary matter, the Court determines that Wal-Mart is not an indispensable party and diversity jurisdiction will not be destroyed if Defendant files a third-party complaint

against Wal-Mart. Next, the Court determines if abstention is proper under *Colorado River*. The Court holds that 1) Plaintiffs' actions in the state and federal forums are parallel; but 2) an examination of the relevant factors confirms that Defendant has not shown the required "exceptional circumstances" to merit abstention under *Colorado River*.

## I. Third-Party Complaint

Defendant states that abstention is appropriate because Defendant can destroy diversity jurisdiction by including Wal-Mart as a third party.[4] Docket No. 6. The Court disagrees. Although Defendant is more than welcome to file a third-party complaint against Wal-Mart, this will not destroy the Court's jurisdiction. *See Baker v. Westin Rio Mar Beach Resort, Inc.*, 194 F.R.D. 393, 397 (D.P.R. 2000) ("[a] defendant's joinder of a non-diverse third-party defendant under Fed. R. Civ. P. 14 does not destroy diversity between the original plaintiff and defendant.").[5] Accordingly, Defendant's threat of a third-party complaint and its allegation that Wal-Mart is an indispensable party have no bearing on whether the Court should abstain under *Colorado River*.

---

[4] Defendant also states that Wal-Mart is an indispensable party. Docket No. 6. However, Defendant provides absolutely no support or basis for such contention; not even a reference to Fed. R. Civ. P. 19. Therefore, that allegation is considered waived. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("it is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."). In addition, the Court can discern no reason why Wal-Mart would be an indispensable party.

[5] *See also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67, n. 1 (1996) ('Once federal subject matter jurisdiction is established over the underlying case between [plaintiff] and [defendant], the jurisdictional propriety of each additional claim is to be assessed individually. Thus, assuming that jurisdiction is based upon diversity of citizenship between [plaintiff] and [defendant], the question concerning impleader is whether there is a jurisdictional basis for the claim by [defendant] against [third-party defendant]. The fact that [plaintiff] and [third-party defendant] may be co-citizens is completely irrelevant. Unless [plaintiff] chooses to amend his complaint to assert a claim against [third-party defendant], [plaintiff] and [third-party defendant] are simply not adverse, and there need be no basis of jurisdiction between them.') (quoting J. Moore, Moore's Federal Practice § 14.26 (2d ed. 1996) (footnotes omitted))).

## II. *Colorado River* Abstention Doctrine

Federal courts have a "virtually unflagging obligation" to exercise their jurisdiction and resolve matters properly before them. *Colorado River*, 424 U.S. at 817. The United States Supreme Court, however, has held that a federal court can decline the exercise of jurisdiction upon "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). However, "[t]he crevice in federal jurisdiction that *Colorado River* carved is a narrow one." *Jimenez v. Rodriguez-Pagan*, 597 F.3d 18, 27 (1st Cir. 2010). The decision "to yield jurisdiction under the *Colorado River* doctrine must rest on the clearest of justifications displayed by exceptional circumstances." *Nazario-Lugo v. Caribevision Holdings, Inc.*, 670 F.3d 109, 116 (1st Cir. 2012) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 (1983); *Colorado River*, 424 U.S. at 818–19)).

To determine if abstention is proper, the Court must assess whether "the actions in the state and federal forums are parallel" and whether this case presents exceptional circumstances that "tip a scale heavily weighted in favor of the exercise of federal jurisdiction"—the *Colorado River* analysis. *Alexandrino*, 573 F. Supp. 2d at 473-74 (D.P.R. 2008) (citation omitted); and *Nazario–Lugo*, 670 F.3d at 115 (1st Cir. 2012). Over the years, federal caselaw has collected a series of factors that help a district court make this determination. To wit:

1. whether either court has assumed jurisdiction over a res;
2. the geographical inconvenience of the federal forum;
3. the desirability of avoiding piecemeal litigation;

    4. the order in which the forums obtained jurisdiction;

    5. whether state or federal law controls;

    6. the adequacy of the state forum to protect the parties' interests;

    7. the vexatious or contrived nature of the federal claim;

    8. respect for the principles underlying removal jurisdiction.

*Nazario–Lugo*, 670 F.3d at 115. This list is not exhaustive, and no single factor is determinative.

    In the present case, the first part of the *Colorado River* analysis is satisfied because the actions in the state and federal forums are parallel. It has been stated that actions "are considered to be parallel if they involve the same parties and substantially identical claims, raising nearly identical allegations and issues." *Alexandrino*, 573 F. Supp. 2d at 474 (D.P.R. 2008) (citation omitted) (internal quotation marks omitted). The Court notes that defendant Wal-Mart is not included in these proceedings as it is in the state court proceedings. However, in view of the two actions involving the same plaintiffs, facts, allegations and issues, we conclude they are parallel. Consequently, the Court will proceed to review the "aforementioned eight enumerated factors" to determine if they weigh in favor of the district court's *Colorado River* abstention. *See Amvest Corp. v. Mayoral Amy*, 778 F. Supp. 2d 187, 198 (D.P.R. 2011).

    Here, as in the case of *Rojas-Hernández v. Puerto Rico Elec. Power Auth.*, 925 F.2d 492, 496 (1st Cir. 1991), factors one, two, and four "do not counsel against the exercise of jurisdiction."[6] First, a determination of which court first assumed jurisdiction over *a res* is irrelevant because there is no property involved in this case. Second, the inconvenience of the federal forum is also

---

[6] Defendant's Motion to Dismiss also does not discuss any of these factors.

Civil No. 15-3021 (JAG)                                                                                          7

irrelevant, since both the federal and state forums are located in the same city, San Juan, P.R. Third, the fact that the state suit was filed prior to the federal suit is beside the point because priority—the order in which the forums obtained jurisdiction—"should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. To the Court's knowledge, Defendant has not filed a responding pleading in either court. Therefore, both actions have "progressed at roughly the same pace" and this factor does not weigh in favor of abstention. *Rojas-Hernández*, 925 F.2d at 496.

Factors five, seven and eight—whether state or federal law controls; the vexatious or contrived nature of the federal claim; and respect for the principles underlying removal jurisdiction, respectively—also "do not counsel against the exercise of jurisdiction."[7] *Id.* The presence of state law issues will weigh in favor of abstention "only in rare circumstances," *Id.* (citing *Moses H. Cone*, 460 U.S. at 26), such as when these issues "present particularly novel, unusual or difficult questions of legal interpretation that are best left to state court resolution," *Nazario-Lugo*, 670 F.3d at 118 (quoting *Elmendorf Grafica, Inc. v. D.S. Am. (East), Inc.*, 48 F.3d 46, 52 (1st Cir. 1995) (internal quotation marks omitted). This case, nevertheless, presents "a relatively straightforward claim for damages under Puerto Rico tort law—the issue is neither unsettled nor complex." *Rojas-Hernández*, 925 F.2d at 496. Thus, the presence of state law issues does not weigh in favor of abstention.

With respect to factor seven, there is no indication of Plaintiffs' reason for suing in this

---

[7] Again, Defendant's Motion to Dismiss does not discuss these factors.

court to be of a vexatious or contrived nature. *See Acevedo-Concepcion v. Irizarry-Mendez*, No. CIV. 09-2133 JAG, 2012 WL 4903946 (D.P.R. Oct. 16, 2012). Furthermore, there is no "outright bar to parallel or related lawsuits" in federal and state courts. James P. George, *Parallel Litigation*, 51 Baylor L. Rev. 769, 986 (1999).[8]

Lastly, this case is not before the Court based on removal jurisdiction and the principles underlying it are not injured because no evidence reflects that Plaintiffs' dual filing was a way of forum shopping or "rule-of-evidence shopping" as in *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1259 (9th Cir. 1988) (discussed in *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 14 (1st Cir. 1990). In that case, Plaintiff abandoned its state court action, after two-and-a-half years, "solely because it believe[d] that the Federal Rules of Evidence [were] more favorable to it than the state evidentiary rules." In light of this, the Court concludes that none of the above factors weighs in favor of abstention.

The Court now reviews the only two factors Defendant mentions and briefly discusses in its motion to dismiss. These are factors six and three—the adequacy of the state forum to protect the parties' interests, and the desirability of avoiding piecemeal litigation, respectively. The Court will first review Defendant's argument for factor six. Then, it will do the same for factor three.

The Court holds that factor six—the adequacy of the state forum to protect the parties' interests—does not warrant surrender of its jurisdiction. Defendant argues that this factor weighs in favor of abstention because the "adequacy of the state forum is necessary to protect

---

[8] *See Id.* at n. 16 (citing *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939); *Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 926-27 (D.C. Cir. 1984)).

the parties' interests." Docket No. 6. However, Defendant severely misconstrues the application of this factor. The First Circuit has made clear that this factor is only relevant "when it disfavors abstention." *United States v. Fairway Capital Corp.*, 483 F.3d 34, 43 (1st Cir. 2007). The fact that the local court *is* an adequate forum "does not militate in favor of abstention." *Id.* Hence this factor can only weigh against Defendant. However, since both parties agree that the state forum is adequate—Defendant even contends that it is more adequate—this factor is simply irrelevant.

The Court also holds that there is no risk of piecemeal litigation to warrant the surrender of its jurisdiction. When evaluating the piecemeal litigation factor, the fact that both forums could end up deciding the same issue is insufficient to warrant abstention. *See KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 10–11 (1st Cir. 2003). "'[T]he district court must look beyond the routine inefficiency that is the inevitable result of parallel proceedings to determine whether there is some exceptional basis for requiring the case to proceed entirely in the Commonwealth court.'" *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 947 F.2d 529, 535 (1st Cir. 1991) (quoting *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts*, 915 F.2d 7, 16 (1st Cir. 1990)). Furthermore, the piecemeal litigation factor may weigh in favor of abstention "only where the implications and practical effects of litigating the parallel actions provide an *exceptional basis* for surrendering federal jurisdiction, such as a clear competing policy or some special complication." *Nazario-Lugo.*, 670 F.3d at 116 (emphasis in original); *see also Liberty Mutual Ins. Co. v. Foremost–McKesson, Inc.*, 751 F.2d 475, 477 (1st Cir. 1985) (holding that abstention was appropriate because if the federal and state actions were to proceed simultaneously, there was a possibility that the courts "might interpret the same standard policy language differently."). Here, there is no exceptional basis for

surrendering federal jurisdiction. Defendant only argues that there is a possibility of inconsistent results as to the same issue. As seen above, this is not enough for the Court to abstain itself.

Moreover, Defendant's argument that this action must be adjudicated in the state forum because Wal-Mart is not joined in the federal action is incorrect.[9] It has been established that "joint tortfeasors are not indispensable parties" and "it is not necessary for all of them to be named as defendants in a single lawsuit." *Del Rosario-Ortega v. Star-Kist Caribe, Inc.*, 130 F. Supp. 2d 277, 284 (D.P.R. 2001) (citing *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7, (1990)). *See also Figueroa v. Chrysler Corp.*, 79 F. Supp. 2d 20, 25 (D.P.R. 1999). As already discussed, *see supra* at 4, Wal-Mart is not an indispensable party. Instead, it is a joint tortfeasor with Defendant. As a result, Plaintiffs had no obligation to include Wal-Mart in this suit.

The First Circuit's decision in *Jiménez v. Rodriguez-Pagan*, 597 F.3d 18 (1st Cir. 2010) does not warrant a different conclusion, as Defendant argues. In *Jimenez*, the First Circuit held that abstention was appropriate based on several of the *Colorado Rivers* factors. *Id.* In the course of its analysis, the court joined other circuits in stating that "*Colorado River* abstention [is] more appropriate when non-diverse parties are joined in the state-court action but not the federal action." *Id.* at 30. Defendant uses this language to argue that abstention is appropriate in our case since Wal-Mart—a non-diverse defendant—is included in the state action, but not in the federal action.

Defendant is wrong for two reasons. First, nothing in *Jimenez* can be read to indicate that

---

[9] Although Defendant seems to make this argument in regards to factor six, the Court finds this argument is more applicable to factor three.

Civil No. 15-3021 (JAG)                                                                                                  11

the omission of non-diverse parties in the federal action is dispositive, or even a critical factor. The court simply states that it agrees with other circuits that it "warrants consideration." *Id.*

Second, the facts of *Jimenez* are highly distinguishable from those in our case. In *Jimenez*, the non-diverse parties were plaintiffs. *Id.* Hence, the court found that there was a significant risk of piecemeal litigation because the district court would not be able to determine the defendants' obligation to the non-diverse plaintiffs, and defendants would have to look to the Puerto Rico court to determine these obligations. *Id.* at 30-31. Unlike in *Jimenez*, since here the non-diverse party is a defendant, the Court can effectively adjudicate all the obligations of the defendant being sued. In addition, the Court's holding in *Jimenez* was based on the concurrence of many additional factors that also weighed in favor of abstention. Unlike in *Jimenez*, there are no additional factors that might weigh in favor of abstention in our case.

Therefore, factor three also does not weigh in favor of the Court's abstention.

## CONCLUSION

After consideration of all the factors of *Colorado River* and its progeny, the Court holds that abstention under *Colorado River* is not appropriate. Defendant has not proven the existence of "exceptional circumstances" for which this Court could surrender its "unflagging obligation" to exercise federal jurisdiction. Accordingly, Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of August, 2016.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
